**United States Bankruptcy Court**
**DISTRICT OF DELAWARE**

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**MES International, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): N/A |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **NONE** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): N/A |
| Last four digits of Soc. Sec./or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **04-3551964** | Last four digits of Soc. Sec./or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): N/A |
| Street Address of Debtor (No. & Street, City, and State):<br>**125 Middlesex Turnpike**<br>**Bedford, MA**<br>ZIPCODE **01730** | Street Address of Joint Debtor (No. & Street, City, and State): N/A<br>ZIPCODE |
| County of Residence or of the Principal Place of Business: **Middlesex** | County of Residence or of the Principal Place of Business: N/A |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address): N/A<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to Chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☒ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**     THIS SPACE IS FOR COURT USE ONLY

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **MES International, Inc.** |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed: **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: See attached Rider 1 | Case Number: _____ | Date Filed: |
| District:     Delaware | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [her or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)          Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(l)).

| B 1 (Official Form 1) (1/08) | Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtors(s):  **MES International, Inc.** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>Date |
| **Signature of Attorney***<br><br>X /s/ *[signature]*<br>Signature of Attorney for Debtor(s)<br><u>MARK MINUTI, ESQUIRE (Bar No. 2659)</u><br>Printed Name of Attorney for Debtor(s)<br><u>SAUL EWING LLP</u><br>Firm Name<br><u>222 DELAWARE AVENUE, SUITE 1200</u><br>Address<br><u>WILMINGTON, DE 19899</u><br><u>(302) 421-6840</u><br>Telephone Number<br>-and-<br><u>WILLIAM R. BALDIGA, ESQUIRE (BBO #542125)</u><br>Printed Name of Attorney for Debtor(s)<br><u>BROWN RUDNICK LLP</u><br>Firm Name<br><u>ONE FINANCIAL CENTER</u><br>Address<br><u>BOSTON, MA 02111</u><br><u>(617) 856-8586</u><br>Telephone Number<br><u>November 20, 2009</u><br>Date<br><br>* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney ahs no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br>_____ |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  /s/ S. Edelstein<br>Signature of Authorized Individual<br><u>SERGIO EDELSTEIN</u><br>Printed Name of Authorized Individual<br><u>PRESIDENT & CHIEF EXECUTIVE OFFICER</u><br>Title of Authorized Individual<br><u>November 20, 2009</u><br>Date | X _____<br><br>_____<br>Date<br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

1707660

## RIDER 1

Pending Bankruptcy Cases Filed by Affiliates of the Debtor:
Each Concurrently Filed in the United States Bankruptcy Court
For the District of Delaware

On the date of this petition, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101- 1532. Contemporaneously with the filing of their petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

1. MES International, Inc.[1]

2. GSI Group Corporation

3. GSI Group Inc.

# 1708684 v1

---

[1] MES International, Inc. was the first of these affiliates to commence its chapter 11 case.

## MES INTERNATIONAL, INC.

### Written Consent in Lieu of
### Meeting of the Board of Directors

The undersigned, being the board of directors (the "Board") of MES International, Inc., a Delaware corporation (the "Company"), do hereby consent, pursuant to Section 141(f) of the Delaware General Corporation Law, to the adoption of the following resolutions with the same force and effect as if duly adopted at a special meeting of the Board called for the purpose:

WHEREAS, GSI Group Inc. ("GSI"), a company continued under the laws of New Brunswick and the ultimate parent company of the Company, and certain holders of notes in May 2009 reached agreement on a non-binding term sheet (the "Term Sheet") to restructure GSI's and certain of its subsidiaries' outstanding obligations under such 11% Senior Notes (the "Notes") issued by GSI Group Corporation, a Michigan corporation and wholly-owned subsidiary of GSI ("GSI Group") and guaranteed by GSI and certain of its subsidiaries, including the Company (the "Reorganization"); and

WHEREAS, in the judgment of the Board and to consummate the Reorganization, it is desirable and in the best interests of the Company to, jointly with GSI and GSI Group, file a voluntary petition (the "Petition") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and the Board wishes to approve such action.

### Voluntary Petition for Relief under Chapter 11

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company that the Company shall be, and the Company hereby is, authorized to file the Petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and thereby commence chapter 11 proceedings for the Company (the "Chapter 11 Case").

RESOLVED, that the President and Chief Executive Officer of the Company (the "Authorized Officer"), shall be and hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all actions that they deem necessary or proper to obtain appropriate relief including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

RESOLVED, that the Authorized Officer be and hereby is authorized to employ the law firm of Brown Rudnick LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and, in connection therewith, the Authorized Officer is hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Brown Rudnick LLP.

RESOLVED, that the Authorized Officer be and hereby is authorized to employ the law firm of Saul Ewing LLP as Delaware bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and, in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Saul Ewing LLP.

RESOLVED, to confirm the continued retention of Wilson, Sonsini Goodrich & Rosati Professional Corporation as general corporate counsel for the Company; and, in connection therewith, that the Authorized Officer be and hereby is authorized to execute appropriate retention agreements, pay appropriate retainers prior to filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Wilson, Sonsini Goodrich & Rosati Professional Corporation.

RESOLVED, that the Authorized Officer be and hereby is authorized to employ appropriate advisors (including without limitation LaBarge Weinstein Professional Corporation, Stewart McKelvey, The Garden City Group, Inc., Kekst and Company Incorporated and CRG Partners) (collectively, the "Advisors") to represent and assist the Company in connection with the Reorganization; and, in connection therewith, the Authorized Officer is hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of the Advisors.

## Plan Support Agreement

RESOLVED, that the Authorized Officer shall be and hereby is authorized, directed and empowered in the name of and on behalf of the Company to negotiate, execute and deliver a Plan Support Agreement on terms substantially in the form presented to the Board (the "Plan Support Agreement") by and among GSI, GSI Group, the Company, The Bank of New York Mellon Trust Company, N.A., solely in its capacity as Trustee (the "Trustee") to the Noteholders, and each of the Consenting Noteholders (as defined therein), with such additions and modifications as such Authorized Officer, in his sole discretion, may deem necessary or appropriate and in the best interest of the Company, the execution and delivery thereof to be conclusive evidence of such Authorized Officer's approval thereof and authority thereunder.

## Plan of Reorganization Under Chapter 11 and Actions Contemplated Therein

WHEREAS, the Company in connection with the Petition, is proposing to execute and cause to be filed with the Bankruptcy Court a Joint Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code and accompanying disclosure statement (together, the "Plan"); and

WHEREAS, the Plan, as provided in the Term Sheet, contemplates that 12.25% Senior Secured PIK Election Notes ("PIK Notes") in an aggregate amount of $104,100,000 be issued by GSI Group and guaranteed by GSI and certain of its subsidiaries, and that such PIK Notes be

governed by an Indenture to be filed with Bankruptcy Court as a Plan document ("Indenture").

NOW, THEREFORE, BE IT RESOLVED, that the Company hereby adopt and approve in all respects the Plan substantially in the form this date presented to the Board; and that the Authorized Officer shall be and hereby is authorized, directed and empowered, in the name of and on behalf of the Company, to negotiate, execute, verify and cause to be filed with the Bankruptcy Court the Plan with such additions and modifications thereto as such Authorized Officer in his sole discretion, may deem necessary or appropriate, and in the best interest of the Company, the execution and filing thereof to be conclusive evidence of such Authorized Officer's approval thereof and authority thereunder.

RESOLVED, that the Company hereby adopt and approve in all respects the Indenture substantially in the form this date presented to the Board; and that the Authorized Officer shall be and hereby is authorized in the name and on behalf of the Company to negotiate, file with the Bankruptcy Court, execute and deliver the Indenture, with such additions and modifications as such Authorized Officer in his sole discretion, may deem necessary or appropriate, and in the best interest of the Company, the filing, execution and delivery thereof to be conclusive evidence of such Authorized Officer's approval thereof and authority thereunder.

**Certificate of Amendment to Articles of Incorporation**

WHEREAS, the Company once the Petition is approved by the Bankruptcy Court, is proposing to execute and cause to be filed with the Delaware Secretary of State's Office (the "Delaware Secretary") a Certificate of Amendment to the Certificate of Incorporation, which adds certain language as required by Section 1123(a)(6) of the Bankruptcy Code (the "Certificate of Amendment").

NOW, THEREFORE, BE IT RESOLVED, that the Company hereby adopt and approve in all respects the Certificate of Amendment substantially in the form this date presented to the Board.

RESOLVED, that the Authorized Officer shall be and hereby is authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed with the Delaware Secretary the Certificate of Amendment with such additions and modifications thereto as such Authorized Officer in his sole discretion, may deem necessary or appropriate, and in the best interest of the Company, the execution and filing thereof to be conclusive evidence of such Authorized Officer's approval thereof and authority thereunder.

**General**

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officer shall be and hereby is authorized, directed and empowered, in the name of and on behalf of the Company, (i) to take or cause to be taken any and all actions, (ii) to make or cause to be made all payments (including but not limited to payments of expenses, retainers and filing fees), (iii) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction, and (iv)

to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, and the execution and delivery thereof by such Authorized Officer to be conclusive evidence of such approval.

RESOLVED, that the Authorized Officer shall be and hereby is authorized, directed and empowered to cause the Company and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such Authorized Officer shall be necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Cases and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions.

RESOLVED, that notwithstanding anything contrary in the foregoing resolutions, in the event that any action to be taken by the Authorized Officer in furtherance of the foregoing resolutions is anticipated by such Authorized Officer to adversely affect, or if the Company is advised by its counsel that such action is reasonably likely to adversely affect, the interests of the Company in favor of the interests of any of the Company's Affiliates (as such term is defined in section 101(2) of the Bankruptcy Code), the Authorized Officer shall have no authority to take such action unless approved by the Board.

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Company by the Authorized Officer prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Executed, effective as of the date set forth below.

Dated: November 18, 2009

*S. Edelstein*
Sergio Edelstein

*Anthony Bellantuoni*
Anthony Bellantuoni

# 1702773 v1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MES INTERNATIONAL, INC.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. _____ |
| In re: <br><br> GSI GROUP INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. _____ |
| In re: <br><br> GSI GROUP CORPORATION, <br><br> Debtor. | Chapter 11 <br><br> Case No. _____ <br><br> Joint Administration Requested |

## CONSOLIDATED LIST OF THIRTY CREDITORS
## HOLDING LARGEST UNSECURED CLAIMS

Set forth below is a list of creditors holding the thirty (30) largest unsecured claims against MES International, Inc., GSI Group Inc. and GSI Group Corporation (collectively, the "Debtors") as of November 20, 2009. The list has been prepared from the books and records of the Debtors.

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. Inclusion of a claim on the attached consolidated list is not an admission that the amounts listed are undisputed, fixed and liquidated nor an admission that the amounts are owed by more than one of the Debtors.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: MES International, Inc. (1964); GSI Group Inc. (0412); and GSI Group Corporation (9358). The Debtors' headquarters is located at 125 Middlesex Turnpike, Bedford, MA 01730.

| Name of creditor and complete mailing address including zip code | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| The Bank of New York Mellon Trust Company, N.A.<br>222 Berkeley Street, 2nd Floor<br>Boston, MA 02116<br>Attn: Vaneta I. Bernard, VP<br>Tel.: (617) 536-3292<br>Fax: (617) 351-2401 | Indenture Trustee | | $210,000,000.00 |
| Liberty Harbor Master Fund I, L.P.<br>1 New York Plaza<br>New York, NY 10004<br>Tel.: (212) 855-9624<br>Fax: (212) 428-3889 | Noteholder | | $70,000,000.00 |
| Tinicum Capital Partners II, L.P.<br>One Maritime Plaza, Suite 1650<br>San Francisco, CA 94111 | Noteholder | | $50,000,000.00 |
| Highbridge International LLC<br>9 West 57 Street, 27th Floor<br>New York, NY 10019<br>Tel.: (212) 287-4900<br>Fax: (212) 287-4915 | Noteholder | | $47,500,000.00 |
| Tennenbaum Opportunities Partners V, LP<br>2951 28th Street, Suite 1000<br>Santa Monica, CA 90405<br>Tel.: (310) 566-1000<br>Fax: (310) 899-4950 | Noteholder | | $20,743,000.00 |
| Special Value Opportunities Fund, LLC<br>c/o Tennenbaum Capital Partners, LLC<br>2951 28th Street, Suite 1000<br>Santa Monica, CA 90405<br>Tel.: (310) 566-1000<br>Fax: (310) 899-4950 | Noteholder | | $13,347,000.00 |

| Name of creditor and complete mailing address including zip code | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Special Value Continuation Partners, L.P.<br>c/o Tennenbaum Capital Partners, LLC<br>2951 28th Street, Suite 1000<br>Santa Monica, CA 90405<br>Tel.: (310) 566-1000<br>Fax: (310) 899-4950 | Noteholder | | $7,778,000.00 |
| Special Value Expansion Fund, LLC<br>c/o Tennenbaum Capital Partners, LLC<br>2951 28th Street, Suite 1000<br>Santa Monica, CA 90405<br>Tel.: (310) 566-1000<br>Fax: (310) 899-4950 | Noteholder | | $5,632,000.00 |
| Hale Capital Partners, LP<br>570 Lexington Avenue, 49th Floor<br>New York, NY 10022<br>Tel.: (212) 751-8800<br>Fax: (212) 751-8822 | Noteholder | | $5,000,000.00 |
| Softchoice Corporation<br>1400 Hancock Street<br>Quincy, MA 01269<br>Tel.: (888) 549-7638<br>Fax: (888) 549-7639 | Trade Debt | Disputed | $151,303.00 |
| EPIQ EDiscovery Solutions<br>90 Park Avenue, 8th Floor<br>New York, NY 10017<br>Tel.: (212) 225-9200<br>Fax: (212) 225-9201 | Professional Services | Disputed | $111,484.00 |
| Revolution Partners<br>Heritage on the Garden<br>75 Park Plaza<br>Boston, MA 02116<br>Tel.: (617) 375-4219 | Professional Services | | $100,558.00 |

| Name of creditor and complete mailing address including zip code | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Shanghai GES Information Technology Co., Ltd<br>NO. 668 Li Shi Zhen Rd<br>Shanghai Zangjiang Hi-Tech Park<br>Shanghai<br>China<br>201203 | Trade Debt | | $54,299.00 |
| Lorom Industrial Co. Ltd.<br>6380 Flank Drive, Suite 300<br>Harrisburg, PA 17112 | Trade Debt | | $41,662.00 |
| Pyrophotonics Lasers Inc.<br>275 Kesmark<br>Dollard-des-Ormeaux<br>Quebec, H9B 3JI<br>Tel.: (514) 904-9000<br>Fax: (514) 684-0400 | Trade Debt | | $41,000.00 |
| NStar<br>P.O. Box 4508<br>Woburn, MA 01888-4508<br>Tel: (800) 340-9822 | Utility | | $36,527.00 |
| Timken Super Precision<br>Department AT40127<br>Atlanta, GA 31192-0127<br>Tel.: (603) 355-4593<br>Fax: (603) 355-4555 | Trade Debt | | $29,383.00 |
| GES US (New England) Inc.<br>790 Chelmsford Street<br>Lowell, MA 01851<br>Tel.: (978) 459-4434<br>Fax: (978) 459-9925 | Trade Debt | | $28,191.00 |
| ABA-PGT/Plastics Gearing Tech<br>10 Gear Drive<br>P.O. Box 8270<br>Manchester, CT 06042<br>Tel.: (860) 649-4591<br>Fax: (860) 643-7619 | Trade Debt | | $28,047.00 |

| Name of creditor and complete mailing address including zip code | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Nippon Pulse America Inc.<br>4 Corporate Drive<br>Radford, VA 24141<br>Tel.: (540) 633-1677<br>Fax: (540) 633-1674 | Trade Debt | | $25,790.00 |
| JDS Uniphase<br>2789 Northpoint Parkway<br>Santa Rosa, CA 95407<br>Tel.: (800) 498-5378 | Trade Debt | | $20,815.00 |
| Proto-Pac Engineering Co., Inc.<br>299 Ballardvale Street<br>Wilmington, MA 01887<br>Tel.: (978) 520-0100<br>Fax: (978) 520-0101 | Trade Debt | | $20,697.00 |
| SMT Mechatronics SDN BHD<br>PTD 37442, Jalan Perindustrian 3<br>Kawasan Perindustrian Senai Fasa II<br>81400 Senai<br>MY | Trade Debt | Disputed | $20,196.00 |
| 125 Middlesex Turnpike LLC<br>205 Newbury Street<br>Framingham, MA 01701<br>Tel.: (508) 739-1234<br>Fax: (508) 739-1235 | Landlord | | $20,146.00 |
| Metro Circuits<br>205 LaGrange Avenue<br>Rochester, NY 14613<br>Tel.: (585) 254-2980<br>Fax: (585) 254-4614 | Trade Debt | | $19,224.00 |
| Wyatt International Limited<br>Wyatt Housse<br>72 Francis Road<br>Edgbaston<br>Birmingham B16 8SP<br>Great Britain<br>Tel.: 44-121-454-8181 | Trade Debt | Disputed | $17,432.00 |

| Name of creditor and complete mailing address including zip code | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Wiltold Trzeciakowski, Individually and on behalf of all others similarly situated<br>David Pastor<br>Gilman and Pastor, LLP<br>63 Atlantic Avenue, 3rd Floor<br>Boston, MA 02110<br>Tel.: (617) 742-9700<br>Fax: (617) 742-9701 | Litigation Party | Contingent/ Unliquidated/Disputed | Unknown |
| Aeroflex Colorado Springs, Inc.<br>4350 Centennial Boulevard<br>Colorado Springs, CO 80907<br>Tel.: (719) 594-8000 | Subcontractor | Unliquidated | Unknown |
| Silver Oak Capital, L.L.C.<br>c/o The Bank of New York Mellon Trust Company, N.A.<br>222 Berkeley Street, 2nd Floor<br>Boston, MA 02116<br>Attn: Vaneta I. Bernard<br>Tel.: (617) 536-3292<br>Fax: (617) 351-2401 | Noteholder | | Unknown |
| UBS O'Connor LLC<br>c/o The Bank of New York Mellon Trust Company, N.A.<br>222 Berkeley Street, 2nd Floor<br>Boston, MA 02116<br>Attn: Vaneta I. Bernard<br>Tel.: (617) 536-3292<br>Fax: (617) 351-2401 | Noteholder | | Unknown |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF DEBTORS

I, Sergio Edelstein, President and Chief Executive Officer of MES International, Inc., GSI Group Inc. and GSI Group Corporation, declare under penalty of perjury that I have read the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims submitted herewith and that it is true and correct to the best of my information and belief.

Dated: November 20, 2009

*S. Edelstein*

Sergio Edelstein
President and Chief Executive Officer of MES International, Inc., GSI Group Inc. and GSI Group Corporation

# 1708851

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MES INTERNATIONAL, INC.,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No. _____ |
| In re:<br><br>GSI GROUP INC.,<br><br>               Debtor. | Chapter 11<br><br>Case No. _____ |
| In re:<br><br>GSI GROUP CORPORATION,<br><br>               Debtor. | Chapter 11<br><br>Case No. _____<br><br>Joint Administration Requested |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, MES International, Inc. (the "Debtor") hereby states that each of the following persons or entities directly or indirectly own 10% or more of the equity interests of the Debtor:

| Name and Address | Ownership Percentage |
|---|---|
| MicroE Systems Corp. | 100% |

The following is a list of any corporation whose securities are publicly traded in which the Debtor directly or indirectly owns 10% or more of any class of the corporation's equity

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: MES International, Inc. (1964); GSI Group Inc. (0412); and GSI Group Corporation (9358). The Debtors' headquarters is located at 125 Middlesex Turnpike, Bedford, MA 01730.

586897.1 11/19/09

interests, and any general or limited partnership or joint venture in which the Debtor owns an interest:

| Name and Address | Ownership Percentage |
|---|---|
| None | N/A |

## DECLARATION REGARDING CORPORATE OWNERSHIP STATEMENT

I, Sergio Edelstein, President and Chief Executive Officer of MES International, Inc., a corporation organized under the laws of the State of Delaware, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my information and belief.

Dated: November 20, 2009  
Bedford, Massachusetts

*S. Edelstein*  
Sergio Edelstein

# 1708314

3