# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MES INTERNATIONAL, INC., *et al.*,[1] | ) Case No. 09-14109 (PJW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Hearing Date: Jan. 8, 2010 @ 3:00 p.m. |
| | ) Obj. Deadline: Jan. 4, 2010 @ 4:00 p.m. |
| | ) Related to Doc. No. 78 |

## ORDER GRANTING MOTION OF DEBTORS FOR ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; (III) APPROVING FORM OF BALLOTS; AND (IV) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES

Upon consideration of the Motion of the Debtors for an Order (i) Approving Disclosure Statement; (ii) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan; (iii) Approving Form of Ballot; and (iv) Establishing Solicitation and Tabulation Procedures (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"); and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their Estates, Claimholders and other parties in interest; and sufficient cause appearing thereof, the Court finds that the Motion is meritorious and should be and hereby is GRANTED. It is therefore:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: MES International, Inc. (1964); GSI Group Inc. (0412); and GSI Group Corporation (9358). The Debtors' headquarters is located at 125 Middlesex Turnpike, Bedford, MA 01730.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings attributed to them in the Motion.

1

ORDERED that:

1. The Disclosure Statement is hereby APPROVED in all respects pursuant to 11 U.S.C. § 1125.

2. A hearing to consider confirmation of the First Modified Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code of MES International, Inc., GSI Group Inc. and GSI Group Corporation (as may be amended or modified, the "Plan") will be held on **February 26, 2010 at 9:30 a.m. Prevailing Eastern Time,** or as soon thereafter as counsel can be heard, before the Honorable Peter J. Walsh, United States Bankruptcy Judge, at the United States Bankruptcy Court (the "Court"), 824 Market Street, 6th Floor, Courtroom #2, Wilmington, Delaware 19801 (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement at the Confirmation Hearing of the date or dates of any adjourned hearing. In addition, the Plan may be modified without further notice, prior to, at or as a result of the Confirmation Hearing.

3. The record date for purposes of voting to accept or reject the Plan is January 8, 2010 (the "Voting Record Date").

4. The deadline for the receipt of ballots accepting or rejecting the Plan shall be 4:00 p.m. Prevailing Eastern Time, on February 15, 2010 (the "Voting Deadline"). For a Ballot or Master Ballot to be counted, it must be actually received prior to the Voting Deadline at the applicable address indicated in the voting instructions that accompany the Ballot or Master Ballot, unless counsel for the Debtors consents to counting an otherwise late-received Ballot or Master Ballot.

5. The Debtors, through the Solicitation Agent, are authorized and directed to mail, or cause to be mailed, by United States Postal Service, first-class delivery, no later than **January**

2

15, 2010, to each of the Voting Holders of claims in Class 5 and equity interests in Class 6A as of the Voting Record Date, copies of: (a) the Plan; (b) the Disclosure Statement and all exhibits and attachments thereto; (c) the Notice of Entry of Order (i) Approving Disclosure Statement, (ii) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan, (iii) Approving Form of Ballot; and (iv) Establishing Solicitation and Tabulation Procedures; (d) a Ballot, including voting instructions; and (e) a pre-addressed, postage prepaid, return envelope (collectively, the "Solicitation Package").

6. No later than **January 15, 2010**, the Debtors shall mail or cause to be mailed the Notice of (i) Approval of Disclosure Statement; (ii) Non-Voting Status, (iii) Hearing to Consider Confirmation of the Plan; (iv) Summary of Plan Treatment of Claims and Equity Interests; and (v) Deadline and Procedures for Filing Objections to Confirmation of the Plan, in substantially the form attached as **Exhibit E** to the Motion (the "Plan Summary Notice"), to Holders of Class 1, Class 2, Class 3 and Class 4 Claims and Holders of Class 6B and Class 6C Equity Interests.

7. Other than holders of claims in Class 5 and holders of equity interests in Class 6A, each of whom shall receive a Solicitation Package, the Debtors are not required to provide any part of the Solicitation Package to any other creditor (or alleged creditor) or other holder of equity interest.

8. The Debtors are not required to serve the Solicitation Package on any person or entity for which the notice of the hearing on the approval of the Disclosure Statement has been returned by the United States Postal Service as undeliverable, unless the Debtors receive an accurate address for such addressee.

9. The Plan Summary Notice and the manner of service of the Plan Summary Notice and the Solicitation Package and the manner of service of the Solicitation Package set forth in the

3

Motion satisfy the requirements of Bankruptcy Rule 3017(d).

10. The General Ballots, Beneficial Ballots and Master Ballots, substantially in the forms annexed to the Debtors' Omnibus Reply to Objections to Disclosure Statement as Exhibits D-1, D-2, D-3, D-4, D-5 and D-6, are hereby approved. The Ballots shall contain an "opt out" provision allowing holders of claims and/or interests to opt out of the Release, Discharge, Exculpation and Injunction provisions in Article VI and Article XIII of the Plan ("the Releases"); provided, however, that each holder of a Claim or Equity Interest that votes to accept the Plan and/or does not opt out of the Releases shall be deemed to have consented to such Releases subject to Paragraph 13 below.

11. The Debtors are authorized to make non-substantive modifications to the Disclosure Statement and other documents in the Solicitation Package prior to distribution in order to insert dates and deadlines or make corrections or modifications of a typographical, conforming and/or ministerial nature.

12. If a creditor or equity security holder casts a Ballot and has filed a proof of claim or equity interest that is the subject of an objection filed before the Confirmation Hearing, such Ballot shall not be counted, unless: (i) some portion of the creditor's claim or equity security holder's equity interest is not disputed, in which case such creditor's or equity security holder's Ballot shall only be counted up to the undisputed amount of the creditor's claim or equity security holder's equity interest; or (ii) the creditor's claim or equity security holder's equity interest is temporarily allowed by the Court for voting purposes in accordance with Bankruptcy Rule 3018, after notice and a hearing prior to the Confirmation Hearing. Ballots cast by creditors or equity security holders whose claims or equity interests, as the case may be, are not listed on the Debtor's Schedules, but who have timely filed proofs of claim or equity interests in

unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, will have their Ballots counted towards satisfying the numerosity requirements of Section 1126(c) of the Bankruptcy Code, but will not have their Ballots counted toward satisfying the aggregate amount provisions of that section. The Ballot instructions describe additional procedures and voting assumptions which are hereby approved.

13. Mason Tenders District Council Trust Funds, the lead plaintiff ("Lead Plaintiff") in a securities fraud class action entitled *Wiltold Trzeciakowski, Individually and on behalf of all others similarly situated v. GSI Group Inc., Sergio Edelstein, and Robert Bowen*, Case No. 08-cv-12065 (GAO), shall be authorized to submit a Class 6A Ballot or such other Ballot that may be applicable (the "Class Action Ballot") on behalf of the putatitve class, as may be subsequently amended (the "Class"), which Ballot shall control for purposes of 1) tabulating the vote with respect to any claims held by Lead Plaintiff and the Class solely on account of the Class Action Litigation (the "Class Action Claims"); and 2) determining whether Lead Plaintiff and the Class, solely on account of the Class Action Claims, has accepted the Releases. Notwithstanding that any member of the Class may have voted any other claims or interests in these cases, the Class Action Ballot shall control in determining whether the holders of Class Action Claims have accepted the Releases; provided, however, that any Ballot cast by a member of the Class on account of an individual claim or interest that does not constitute Class Action Claims will control in determining whether such individual claim or interest has accepted the Releases. The Lead Plaintiff and Debtors reserve all rights in respect of confirmation of the Plan.

14. The Debtors, through the Solicitation Agent, are authorized and directed to accept, review, determine the validity of and tabulate the General Ballots, Beneficial Ballots and Master Ballots and report to the Court on the votes for acceptance and rejection of the Plan, in a

reasonable and customary manner.

15. General Ballots, Beneficial Ballots or Master Ballots received by the Solicitation Agent in the following categories shall not be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court:

   a. General Ballots, Beneficial Ballots or Master Ballots where the holder or the holder's representative did not use the authorized form, or a form of Ballot substantially similar to such authorized form;

   b. General Ballots, Beneficial Ballots or Master Ballots not received by the Solicitation Agent on or before the Voting Deadline (unless counsel for the Debtors consent to counting an otherwise late-received Ballot or Master Ballot);

   c. General Ballots, Beneficial Ballots or Master Ballots where the holder or the holder's authorized representative checked boxes indicating both acceptance and rejection of the Plan;

   d. General Ballots, Beneficial Ballots or Master Ballots not signed by the holder or the holder's authorized representative; and

   e. General Ballots, Beneficial Ballots where the individual or institution casting the Ballot (whether directly or as representative) was not a holder of a Class 5 Note Claim or Class 6A Holdings Equity Interest as of the Voting Record Date and, therefore, was not entitled to vote.

16. The following voting procedures and standard assumptions will be used in tabulating Ballots:

   a. For purposes of the numerosity requirements of Section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor or equity security holder in a particular class will be aggregated as if such creditor or equity security holder held one claim or equity interest, as the case may be, against the Debtor in such class, and the votes related to such claims or equity interests, as the case may be, will be treated as a single vote to accept or reject the Plan.

   b. Creditors and equity security holders must vote all of their claims and equity interests within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple ballots with respect to multiple claims or equity interests within a single class) that partially rejects and partially accepts the Plan will not be counted.

c. Ballots that fail to indicate an acceptance or rejection of the Plan, but that are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

d. Only Ballots that are timely received with original signatures will be counted. Unsigned Ballots will not be counted. Ballots sent via facsimile or email will not be counted unless the holder receives the written consent of the counsel for the Debtors.

e. If prior to the Voting Deadline, a Voting Holder casts more than one Ballot for the same claim or equity interest, the last properly completed Ballot received by the Solicitation Agent prior to the Voting Deadline will be deemed to reflect the Voting Holder's intent and to supersede any prior Ballot.

17. February 22, 2010 at 4:00 p.m. Prevailing Eastern Time is fixed as the last day for filing and serving written objections, comments or responses to confirmation of the Plan, including any supporting memoranda. Any objections to confirmation of the Plan must be in writing and must (a) specify a caption setting forth the name of the court, the case number and title of the objection to which the response is directed, (b) state the name and address of the objector and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases, (c) specify the basis and nature of the objection, and (d) be filed with the Clerk of the Bankruptcy Court, together with proof of service, and served upon the following parties: (i) counsel to the Debtors, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, ATTN: William R. Baldiga, Esq.; and Saul Ewing, LLP 222 Delaware Avenue, Suite 1200, P.O. Box 1266, Wilmington, DE 19899, ATTN: Mark Minuti, Esq.; and (ii) the Office of the United States Trustee, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (collectively, the "Notice Parties"). In order to preserve an objection, anyone filing an objection to confirmation must also attend the Confirmation Hearing, either in person or through counsel, except that a corporation may appear only through counsel. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice except for an adjournment announced at the Confirmation Hearing or any adjournment of that hearing. Any

7

objections not filed and served as set forth above shall be deemed waived and shall not be considered by the Court.

18. The Debtors and any other party supporting the Plan shall file with the Court and serve on the applicable objecting party any response to a timely filed objection to confirmation of the Plan by February ~~16~~ 24, 2010 at ~~10:00 a.m.~~ 4:00 p.m. Prevailing Eastern Time.

19. The Debtors and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

Dated: Wilmington, Delaware
January 8, 2010

PJW
The Honorable Peter J. Walsh,
United States Bankruptcy Judge