# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MES INTERNATIONAL, INC., et al.,[1] | : | Case No. 09-14109 (PJW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Hearing Date: February 26, 2010 at 9:30 a.m. |
| | : | Objection Deadline: February 5, 2010 at 4:00 p.m. |

## APPLICATION FOR AN ORDER TO EMPLOY AND RETAIN JEFFERIES & COMPANY, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, *NUNC PRO TUNC* AS OF THE APPOINTMENT DATE

The Official Committee of Equity Security Holders (the "Equity Committee"), appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103 of title 11, United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2014-1, authorizing the Equity Committee to retain and employ Jefferies & Company, Inc. ("Jefferies"), as financial advisors to the Equity Committee, nunc pro tunc as of December 23, 2009 (the "Appointment Date"). In support of this Application, the Equity Committee relies upon the declaration of Tero Janne (the "Janne Declaration"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: MES International Inc. (1964); GSI Group Inc. (0412); and GSI Group Corporation (9358). The Debtors' headquarter is located at 125 Middlesex Turnpike, Bedford, MA 01730.

ATI-2405566v4
RLF1 3530097v.1

## Jurisdiction and Venue

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.  On November 20, 2009 (the "Petition Date"), each of the Debtors commenced cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On December 22, 2009, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") filed a notice of appointment of the members of the Equity Committee, which represents the interests of all equity security holders in these chapter 11 cases. The Equity Committee is comprised of the following members: Stephen W. Bershad, Bradley Louis Radoff and JEC II Associates, LLC. On December 23, 2009, the Equity Committee selected Jones Day as its counsel and Richards, Layton & Finger, P.A. as its Delaware counsel.

## Relief Requested

4.  By this Application, the Equity Committee requests authority to retain and employ Jefferies as its financial advisors in these chapter 11 cases, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1, nunc pro tunc as of the Appointment Date, pursuant to the engagement letter between Jefferies and the Equity Committee, dated as of December 23, 2009, a copy of which is attached hereto as Exhibit B and incorporated herein by reference (the "Engagement Letter").

## Qualifications of Professionals

5. Jefferies is well suited to provide the services that the Equity Committee requires. Jefferies is a financial advisory firm with its principal office located at 520 Madison Avenue, 12th Floor, New York, New York 10022. Jefferies is a registered broker-dealer with the United States Securities and Exchange Commission, and is a member of the Boston Stock Exchange, the International Stock Exchange, the National Association of Securities Dealers, the Pacific Stock Exchange, the Philadelphia Stock Exchange and the Securities Investor Protection Corporation. Jefferies was founded in 1962 and is a wholly-owned subsidiary of Jefferies Group, Inc. Jefferies Group, Inc. is a public company and, together with its subsidiaries, has over $29 billion in assets and over 2,500 employees in over 25 offices around the world.

6. Jefferies provides a broad range of corporate advisory services to its clients including, without limitation, services pertaining to: (a) general financial advice; (b) mergers, acquisitions and divestitures; (c) capital raising; and (d) corporate restructurings. Jefferies and its senior professionals have extensive experience in the reorganization and restructuring of troubled companies, both out of court and in chapter 11 proceedings. The employees of Jefferies have advised debtors, creditors, equity constituencies and purchasers in many reorganizations. Since 2007, these professionals have been involved in over 90 restructurings representing over $135 billion in restructured debt.

7. Jefferies has extensive experience in reorganization cases and has an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of *ad hoc* and official committees, debtors and creditors throughout the United States, including those of: Adelphia Business Solutions; Amerco, Inc.; AmeriServe Food Distribution, Inc.; Ames Department Stores, Inc.; Atkins Nutritionals, Inc.; Budget Group, Inc.; Choice One Communications; Delphi Corporation; Diamond Brands Operating Corp.; Exide Technologies

- 3 -
ATI-2405566v4
RLF1 3530097v.1

Inc.; Federal Mogul Corporation; Formica Corp.; Heartland Wireless Communications; ICO Global Communications Services Inc.; International Wireless Communications. Inc.; Kaiser Group International. Inc.; Loral Space & Communications; Pliant Corporation; VF Brands International; Werner Holding Co (DE), Inc.; WHX Corp.; and XO Communications Inc.

8. The resources, capabilities and experience of Jefferies are necessary to assist the Equity Committee in these bankruptcy cases. As currently proposed, the Debtors' plan of reorganization seeks, among other things, to reduce the Debtors' current equity holders ownership interest in the Debtors by approximately 80%. The Equity Committee believes that there are other, superior alternatives to the plan proposed by the Debtors and require the aid of skilled advisors to investigate, formulate and pursue such alternatives, including a potential Capital Raise or other Restructuring (both as defined below). In light of Jefferies substantial experience, resources and capabilities, the Equity Committee believes that Jefferies is well qualified to perform the work required in these cases. Additionally, the Equity Committee has been advised by Jefferies that Jefferies will coordinate with the other retained professionals in these chapter 11 cases to eliminate unnecessary duplication or overlap of work.

**Services to be Rendered**

9. The Equity Committee respectfully submits that it is necessary and appropriate for it to retain Jefferies to provide, among other things, the following services:

    (a)    becoming familiar with, to the extent Jefferies deems appropriate, and analyze the business, operations, properties, financial condition and prospects of the Debtors;

    (b)    providing advice and assistance to the Equity Committee in connection with analyzing, structuring, negotiating and effecting, and identifying potential investors in, any financing transaction on behalf of the Equity Committee pursuant to a rights offering or other financing involving public or private securities or bank debt (whether in the form of debt, equity or equity-linked securities), or any other similar transaction or series of transactions or any combination thereof, and acting, at the request

- 4 -

of the Equity Committee, as placement agent or underwriter for the Debtors with respect to any such financing (hereinafter referred to as a "Capital Raise");

(c) advising the Equity Committee on the current state of the "restructuring market;"

(d) assisting and advising the Equity Committee in examining and analyzing any strategy, potential or proposed restructuring, amending, redeeming or otherwise adjusting the Debtors' outstanding indebtedness or overall capital structure, whether pursuant to a plan of reorganization, any sale of securities or assets, including under section 363 of the Bankruptcy Code, a liquidation, or otherwise (a "Restructuring," and together with a Capital Raise, a "Transaction"), including, where appropriate, assisting the Equity Committee in developing its own strategy for accomplishing a Restructuring;

(e) assisting and advising the Equity Committee in evaluating and analyzing the proposed implementation of any Transaction, including the value of the securities or debt instruments, if any, that may be issued in any such Transaction;

(f) assisting and advising the Equity Committee in evaluating potential financing transactions by the Debtors;

(g) assisting and advising the Equity Committee on tactics and strategies for negotiating with other stakeholders;

(h) attending meetings of the Equity Committee with respect to matters on which Jefferies has been engaged to advise the Equity Committee hereunder;

(i) providing testimony, as necessary and appropriate, with respect to matters on which Jefferies has been engaged to advise the Equity Committee hereunder, in any proceeding before the Court; and

(j) rendering such other financial advisory services as may from time to time be agreed upon by the Equity Committee and Jefferies, including, but not limited to, providing expert testimony, and other expert and financial advisory support related to any threatened, expected, or initiated litigation.

10. The Equity Committee requires knowledgeable financial advisors to render these essential professional services. Accordingly, the Equity Committee respectfully submits that Jefferies is well suited to perform these services and represent the Equity Committee's interests in these chapter 11 cases.

## Compensation and Fee Applications

11. Jefferies' requested compensation for professional services rendered to the Equity Committee will be based upon the terms and conditions of the Engagement Letter, which provides in relevant part for the following compensation structure (the "Fee and Expense Structure"):[2]

    (a)    A monthly fee (the "Monthly Fees") equal to $150,000 per month until the expiration or termination of the engagement. The first Monthly Fee shall be payable immediately upon the Court approval of the Application (with, for the avoidance of doubt, the Monthly Fees being deemed to have accrued beginning on the date of the Engagement Letter), and each subsequent Monthly Fee shall be payable monthly in advance on each monthly anniversary thereafter.

    (b)    A fee of $1.25 million, which shall be earned in full upon (i) consummation of a chapter 11 plan of reorganization, liquidation or otherwise in these cases or (ii) the sale of substantially all of the assets of the Debtors pursuant to section 363 of the Bankruptcy Code (whether in one transaction or series of related or unrelated transactions) (the "363 Sale"), in each case that is approved by the Court and in which a majority of the members of the Equity Committee, as of the date of confirmation of a chapter 11 plan or approval of other transaction or order implementing the Restructuring or the 363 Sale, have not filed an objection that was not subsequently withdrawn.

    (c)    Upon the consummation of a Capital Raise of new capital for which Jefferies has acted as underwriter or placement agent or for which Jefferies, at the request of the Equity Committee, has provided advice and assistance to the Equity Committee or the Debtors in connection with structuring, negotiating or effecting or identifying potential investors in, a fee in an amount equal to:

        (i)    1.5% of the aggregate gross proceeds raised in excess of $50 million from any equity or equity-linked securities placed or purchased pursuant to a rights offering to the common equity holders of GSI Group, Inc.; plus

        (ii)    5.0% of the aggregate gross proceeds raised from any equity or equity-linked securities for which a fee is not paid pursuant to

---

[2] Capitalized terms used in this summary but not otherwise defined herein shall have the meaning set forth in the Engagement Letter. To the extent this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

- 6 -
ATI-2405566v4
RLF1 3530097v.1

    clause (i) above (other than because of the $50 million threshold); plus

 (iii) 1.5% of the greater of the maximum amount available under, or the aggregate principal amount of any debt raised with, a first lien on existing assets; plus

 (iv) 2.5% of the greater of the maximum amount available under, or the aggregate principal amount of any debt raised with, a second lien on existing assets; plus

 (v) 3.5% of the greater of the maximum amount available under, or the aggregate principal amount of, any other debt raised by the Debtors for which a fee is not paid pursuant to clauses (iii) or (iv) above, including, but not limited to, high-yield notes, mezzanine notes or term loans.

12. Jefferies also will seek reimbursement for necessary expenses incurred, including, without limitation, reasonable fees and expense of its counsel, and the reasonable fees and expenses of any other independent experts retained by Jefferies.

13. The Equity Committee believes that Jefferies' Fee and Expense Structure is reasonable and at market rates for chapter 11 cases (and out of court restructurings) of this size and complexity that require the level of services set forth above. The hours worked, the results achieved and the ultimate benefit to the Equity Committee of the work performed in connection with Jefferies' engagement may be variable, and the Equity Committee and Jefferies have taken this, as well as the difficulty of the assignment and the probability for success, into account in setting the above fees.

14. Jefferies will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the United States Trustee, the Local Rules, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members, entered on December 18, 2009

(Docket No. 135) and any additional procedures that may be established by the Court in these chapter 11 cases.

15. The overall compensation structure described above is consistent with Jefferies' normal and customary billing practices for cases of this size and complexity, reflects the difficulty of the assignments Jefferies expects to undertake and is performance based. Jefferies believes that the foregoing compensation arrangements are (a) reasonable, (b) market-based and (c) merited by Jeffries' restructuring expertise, knowledge, skills and capabilities.

### Indemnification Provisions

16. The Engagement Letter provides that the Debtors' estates will be obligated to indemnify and hold harmless Jefferies and its affiliates, and their respective directors, officers, partners, managers, members, employees, agents and controlling persons (collectively, the "Indemnified Persons") under certain circumstances (such indemnification obligation being referred to as the "Indemnification Provisions") as set forth in the Engagement Letter. However, the Debtors' estates will not be obligated to indemnify Jefferies for acts involving gross negligence or willful misconduct and will not be obligated to hold Jefferies harmless against liabilities arising out of or in connection with its retention for losses, claims, damages or liabilities that are finally judicially determined by a court of competent jurisdiction to have primarily resulted from the gross negligence or willful misconduct of Jefferies. Both the Equity Committee and Jefferies believe that such provisions are customary and reasonable for financial advisory engagements in chapter 11.

17. The Equity Committee has also agreed that the Debtors' estates will be obligated to reimburse Jefferies for legal and other expenses in connection with Jefferies' actions in investigating, preparing, defending or settling any proceedings arising out of or in connection with its retention by the Equity Committee except for any such expenses that are finally

- 8 -
ATI-2405566v4
RLF1 3530097v.1

judicially determined by a court of competent jurisdiction to have primarily resulted from the gross negligence or willful misconduct of Jefferies.

18. The terms and conditions of the Engagement Letter and the Indemnification Provisions were negotiated by the Equity Committee and Jefferies at arm's-length and in good faith. The Equity Committee respectfully submits that the indemnification, contribution, exculpation, reimbursement and other provisions contained in the Indemnification Provisions, as modified by the proposed order on this Application, viewed in conjunction with the other terms of Jefferies' proposed retention, are customary, reasonable and in the best interests of the Equity Committee and its constituents. Accordingly, as part of this Application, the Equity Committee requests that the Court approve the Indemnification Provisions.

### Basis for Relief

19. Section 328(a) of the Bankruptcy Code expressly allows for fixed or percentage based fees such as those proposed in the Engagement Letter. Section 328(a) of the Bankruptcy Code specifically provides:

> The trustee, or a committee appointed under Section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, **on a fixed or percentage fee basis**, or on a contingent fee basis.

11 U.S.C. § 328(a) (emphasis added). Thus, section 328(a) of the Bankruptcy Code plainly permits the Court to approve the terms of Jefferies' engagement as set forth in the Engagement Letter, including the Fee and Expense Structure and the Indemnification Provisions.

20. Section 328 of the Bankruptcy Code permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions. As the United States Court of Appeals

- 9 -

ATI-2405566v4
RLF1 3530097v.1

for the Fifth Circuit recognized in In re National Gypsum Company, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. The uncertainty continues under the present § 330 of the Bankruptcy Code, which provided that the court award to professional consultants reasonable compensation based on relevant factors of time and comparable costs, etc. Under present § 328, the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

Id. at 862 (citations omitted); see also In re Federal Mogul-Global Inc., 348 F.3d 390, 397 (3d Cir. 2003). Owing to this inherent uncertainty, courts have approved arrangements similar to the Fee and Expense Structure under section 328 of the Bankruptcy Code where such arrangements contain "reasonable" terms and conditions.

21. The Fee and Expense Structure and the Indemnification Provisions appropriately reflect the nature and scope of services to be provided by Jefferies and Jefferies' substantial experience with respect to financial advisory services, and are consistent with the fee structures typically utilized by Jefferies and other leading financial advisors who do not bill their clients on an hourly basis.

22. Approval of similar fixed and contingency fee arrangements has been granted in other chapter 11 cases in this District. See, e.g., In re Smurfit-Stone Container Corp., No. 09-10235 (BLS) (Bankr. D. Del. Feb. 23, 2009) (approving the retention of Lazard Frères & Co. LLC under section 328(a) of the Bankruptcy Code); In re PPI Holdings, Inc., No. 08-13289 (KG) (Bankr. D. Del. Feb. 4, 2009) (providing for the review of compensation to the Debtors' investment banker and financial advisor under section 328(a) of the Bankruptcy Code); In re Cadence Innovation LLC, No. 08-11973 (KG) (Bankr. D. Del. Sep. 18, 2008) (same as previous

citation); In re Hilex Poly Co. LLC, No. 08-10890 (KJC) (Bankr. D. Del. May 30, 2008) (same as previous citation); In re Amtrol Holdings, Inc., No. 06-11446 (KG) (Bankr. D. Del. Jan. 11, 2007) (same as previous citation).

## Disclosure Concerning Disinterestedness

23.  To the best of the Equity Committee's knowledge, and based upon the Janne Declaration, Jefferies does not hold or represent an interest adverse to these chapter 11 cases that would impair Jefferies' ability to objectively perform professional services for the Equity Committee, in accordance with section 1103(a) of the Bankruptcy Code.

24.  To the best of the Equity Committee's knowledge, and based upon the Janne Declaration, (a) Jefferies' connections with the Debtors, their creditors, other parties in interest, or their respective attorneys and advisors are unrelated to these chapter 11 cases and are disclosed in the Janne Declaration; and (b) Jefferies' partners and professionals who will work on this matter are not relatives of the U.S. Trustee or of any known employee in the office thereof or any United States Bankruptcy Judge of the District of Delaware.

25.  Jefferies has not provided, and will not provide, professional services to the Debtors, their creditors, other parties in interest, or their respective attorneys or advisors with regard to any matter related to these chapter 11 cases.

## Nunc Pro Tunc Approval

26.  Pursuant to the Equity Committee's request and due to exigent circumstances, Jefferies commenced this engagement immediately and with assurances that the Equity Committee would seek approval of its employment nunc pro tunc as of the Appointment Date. Since the date Jefferies was engaged, Jefferies has been providing critical services to the Equity Committee, including (a) assisting the Equity Committee and its counsel in reviewing operating information, including information critical to evaluating the Debtors' proposed plan of

- 11 -
ATI-2405566v4
RLF1 3530097v.1

reorganization; (b) meeting and conferring with the Debtors' management and advisors; (c) assisting the Equity Committee and its counsel in analyzing various issues confronting the Debtors; and (d) communicating with the Equity Committee regarding such matters.

27. Based upon the foregoing circumstances, the Equity Committee submits that cause exists to authorize the retention of Jefferies, effective as of the Appointment Date.

## Notice

28. Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) those creditors listed on the Debtors' Consolidated List of Thirty Creditors Holding Largest Unsecured Claims; and (d) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Equity Committee submits that no other or further notice is necessary.

## No Prior Request

29. No previous request for the relief sought herein has been made to this or any other Court.

ATI-2405566v4
RLF1 3530097v.1

WHEREFORE, the Equity Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit C, authorizing the Equity Committee to retain Jefferies as its financial advisors nunc pro tunc as of the Appointment Date and granting such other and further relief as is just and proper.

Dated: January 22, 2010                  Respectfully submitted,

                                             /s/ Stephen W. Bershad
                                             Stephen W. Bershad
                                             Chair of the Official Committee of Equity Security Holders