UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                                      :   Chapter 11
                                                           :
MES INTERNATIONAL, INC., *et al.*,[1]                      :   Case No. 09-14109 (PJW)
                                                           :
        Debtors.                                           :   (Jointly Administered)
                                                           :
                                                           :   Hearing Date: February 26, 2010 at 9:30 a.m.
                                                           :   Objection Deadline: February 5, 2010 at 4:00 p.m.
---------------------------------------------------------- x

## APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE EQUITY COMMITTEE *NUNC PRO TUNC* TO DECEMBER 22, 2009

The Official Committee of Equity Security Holders (the "Committee") in the above-captioned chapter 11 cases hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ Richards, Layton & Finger, P.A. ("RL&F") as its co-counsel *nunc pro tunc* to December 22, 2009, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee respectfully states as follows:

### JURISDICTION

1.  This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: MES International, Inc. (1964); GSI Group Inc. (0412); and GSI Group Corporation (9358). The Debtors' headquarters is located at 125 Middlesex Turnpike, Bedford, MA 01730.

proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

2. On November 20, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

3. On December 22, 2009, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the following members to the Committee: (i) Stephen W. Bershad; (ii) Bradley Louis Radoff; and (iii) JEC II Associates, LLC.

4. On December 22, 2009, the Committee selected Jones Day ("Jones Day") as its counsel. Subsequently, the Committee selected RL&F as its co-counsel in connection with these Chapter 11 Cases.

## RETENTION OF RICHARDS, LAYTON & FINGER, P.A.

5. Subject to approval by this Court, the Committee wishes to employ RL&F as its co-counsel to represent it and perform services for the Committee in connection with carrying out its duties and responsibilities under the Bankruptcy Code during the Chapter 11 Cases.

6. Pursuant to section 1103(a) of the Bankruptcy Code, a committee appointed under section 1102 of the Bankruptcy Code may, with the Court's approval, select one or more attorneys, accountants, or other agents to perform services for such committee. Pursuant to

2

section 328(a) of the Bankruptcy Code, the Committee requests that the Court approve the employment of RL&F as its co-counsel in these Chapter 11 Cases *nunc pro tunc* to December 22, 2009, because of the need for RL&F to begin work immediately to effectively represent the Committee.

7. By separate application, the Committee is seeking to employ and retain, pursuant to sections 1103 and 328(a) of the Bankruptcy Code, Jones Day as co-counsel in these Chapter 11 Cases. However, due to the extensive legal services that will be necessary during these Chapter 11 Cases, the Committee submits that it is also essential for it to employ RL&F as co-counsel. Moreover, pursuant to Local Rule 9010-1(c), the Committee is required to retain Delaware counsel. Jones Day and RL&F have discussed a division of responsibilities regarding representation of the Committee and will make every effort to avoid and/or minimize duplication of services in these Chapter 11 Cases.

8. The Committee has selected RL&F as its co-counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. The Committee believes that RL&F is both well qualified and able to represent it in these Chapter 11 Cases in a most efficient and timely manner.

9. The Committee believes that the services of RL&F are necessary to enable it to execute faithfully its statutory duties. Subject to further order of this Court, RL&F will render the following professional services:

    (a) advise the Committee of its rights, powers and duties in these Chapter 11 Cases;

3

(b) assist and advise the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 Cases;

(c) assist with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the operation of the Debtors' businesses;

(d) assist the Committee in its analysis of, and negotiations with, the Debtors or their creditors concerning matters related to, among other things, the terms of any plan or plans of reorganization or liquidation (including a section 363 sale) for the Debtors;

(e) prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in furtherance of the Committee's interests and objectives; and

(f) perform all other necessary legal services as may be required and are deemed to be in the interests of the Committee in connection with the Chapter 11 Cases.

10. RL&F has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as co-counsel to the Committee. Furthermore, to the best of the Committee's knowledge, the directors and associates of RL&F do not have any connection with or any interest adverse to that of the Committee, or any other party in interest, or their respective attorneys, except as set forth herein and in the affidavit of Robert J. Stearn, Jr. (the "Stearn Affidavit"), a copy of which is attached hereto as Exhibit B.

11. RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes to pay RL&F its customary hourly rates in effect from time to time as set forth in the Stearn Affidavit. The Committee submits that these rates are reasonable.

## DISINTERESTEDNESS OF RICHARDS, LAYTON & FINGER, P.A.

12. To the best of the Committee's knowledge, information and belief, and except as set forth in the Stearn Affidavit, RL&F does not hold any interest adverse to the Committee or the Debtors' estates and, while employed by the Committee, will not represent any person having an adverse interest in connection with these cases, and RL&F is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

## NO PRIOR REQUEST

13. No prior request for the relief sought in this Application has been made to this or any other court.

## NOTICE

14. Notice of this Application has been given to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) those creditors listed on the Debtors' Consolidated List of Thirty Creditors Holding Largest Unsecured Claims; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is required.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) granting this Application, (ii) authorizing the Committee to retain and employ RL&F as its co-counsel, *nunc pro tunc* to December 22, 2009, and (iii) granting such other and further relief the Court deems just and proper.

Dated: January 22, 2010
       Wilmington, Delaware

OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF MES INTERNATIONAL, INC., *ET AL.*

By: Stephen W. Bershad, solely in his capacity as Chair of the Official Committee of Equity Security Holders and not in his individual capacity[2]

*/s/ Stephen W. Bershad*

---

[2] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

6

RLF1 3522065v.1